**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dwayne E. McIntosh, a single man., | No. CV07-00760-PHX-DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| Maricopa Community College District; Judy Taussig and John Doe Taussig, wife and husband; Jack Clevenger and Jane Doe Clevenger, husband and wife; Larry Christensen and Jane Doe Christensen, husband and wife; Spencer Peterson and Jane Doe Peterson, husband and wife; John and Jane Does I-X; Black Corporations I-X; and White Partnerships I-X, | |
| Defendants. | |

Pending before the Court are Defendants' partial motion to dismiss and Plaintiff's motions for a hearing on the motion to dismiss. Dkt. ## 14, 18, 20, 25. For the reasons stated below, the Court will grant Defendants' motion and deny Plaintiff's motions.

**I.     Background.**

In 1996, Plaintiff Dwayne E. McIntosh, an African-American male, started working for Mesa Community College, one of several post-secondary institutions administered by Defendant Maricopa Community College District ("District"). The chain of command above

Plaintiff included Defendants Jack Clevenger, Judy Taussig, Larry Christensen and Spencer Peterson. Plaintiff alleges, among other things, that he was subjected to racial discrimination (Count I) and retaliation (Count II) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a), 3(a), and that he received unequal wages in violation of the Equal Pay Act ("EPA"), 29 U.S.C. § 206, *et seq.* (Count III).  Dkt. #1.

Prior to initiating this action, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Arizona Attorney General's Office, Civil Rights Division. Dkt. #14-2 at 2. The charge identified Mesa Community College as the employer or state agency that discriminated against him. *Id.* Plaintiff checked the boxes on the form indicating that he was discriminated against on the basis of "race" and "disability." *Id.* Plaintiff did not check the box labeled "retaliation." *Id.* Plaintiff's full description of the alleged discrimination was as follows:

> On or about April 26, 2006, I was denied promotion to the position as Manager of Disability Resources & Services. I have been employed since August 15, 1996. To my knowledge, my work performance is satisfactory.
>
> I was not given any reason for my non-selection.
>
> I believe I was discriminated against because of my race, black, and because I was regarded as being disabled, in violation of Title VII . . . and the Americans with Disabilities Act.

*Id.*

Defendants seek dismissal of Count I in part and Counts II and III in whole. Dkt. #14. Defendants argue that only the alleged April 26, 2006 denial of promotion is properly before the Court in Count I – that Count I's other claims of race discrimination were not administratively exhausted. *Id.* Defendants contend that the retaliation claim in Count II has not been exhausted. *Id.* Defendants argue that Count III fails to set forth facts upon which relief may be granted. *Id.* Plaintiff urges the Court to deny the motion to dismiss and to grant him leave to amend his complaint. Dkt. #15.

**II.   Discussion.**

    **A.   Count I – Racial Discrimination.**

"Before bringing suit under Title VII, a plaintiff must exhaust the administrative remedies available under [42 U.S.C. §] 2000e-5." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988). "In a Title VII action, the subject matter of the court's jurisdiction extends only to those claims made before the EEOC." *Serpe v. Four-Phase Sys., Inc.*, 718 F.2d 935, 936 (9th Cir. 1983) (citation omitted). The Ninth Circuit held, however, that "[w]hen an employee seeks judicial relief for incidents not listed in his original EEOC charge, a federal court may assume jurisdiction over the new claims if they are like or reasonably related to the allegations of the EEOC charge." *Brown v. Puget Sound Elec. Apprenticeship & Training Trust*, 732 F.2d 726, 729 (9th Cir. 1984) (citation and internal quotation marks omitted), *cert. denied*, 469 U.S. 1108 (1985).

Plaintiff's EEOC charge lists a single incident – the denial of promotion by Mesa Community College on or around April 26, 2007. Dkt. #14-2 at 2. Plaintiff's complaint similarly states that he was wrongfully denied this position, Dkt. #1 ¶ 38(g), and also lists other times in which his applications for openings at different colleges within the District were unsuccessful, ostensibly because of discrimination by the District, *id.* ¶ 38(a)-(f). Defendants argue that these additional incidents "are not like or reasonably related to" the April 26, 2007 incident. Dkt. #14 at 5. The Court notes that the section of the complaint addressing these additional incidents is titled "Background Facts," and therefore may not be intended as part of Plaintiff's action. Dkt. #1 ¶ 38. To the extent Plaintiff seeks to make these incidents part of his Title VII claim, the Court finds they were not exhausted.

The additional incidents concern the alleged denial of positions at Paradise Valley Community College, Estrella Mountain Community College, Phoenix College, Chandler-Gilbert Community College, Scottsdale Community College, and South Mountain Community College. Dkt. #1 ¶ 38(a)-(f). Plaintiff's EEOC charge, by contrast, states only that Mesa Community College discriminated against him, Dkt. #14-2 at 2, suggesting that the discrimination occurred in a single location. *See B.K.B. v. Maui Police Dept.*, 276 F.3d

1091, 1100 (9th Cir. 2002) (enumerating factors that a court may consider in determining whether allegations not specified in a charge are nonetheless exhausted, which include the "locations at which discrimination is alleged to have occurred."). While all of the mentioned community colleges fall under the District's umbrella, the EEOC charge states that Mesa Community College, not the District, subjected him to discrimination. Dkt. #14-2 at 2; *see Maui Police*, 276 F.3d at 1100 (including as a factor the "perpetrators of discrimination named in the charge[.]"). Further, the charge states that the incident of discrimination took place on or about April 26, 2006. Dkt. #14-2 at 2. The only date mentioned in connection with the additional alleged incidents of discrimination is "1998 or 1999." Dkt. #1 ¶ 38(a). The length of time between 1998/1999 and the date of the promotion denial make it highly unlikely that an inquiry based on the EEOC charge would have included these other incidents. *See Maui Police*, 276 F.3d at 1100 (including as a factor the "dates of discriminatory acts specified within the charge[.]").[1]

The Court concludes that Plaintiff has failed to exhaust claims other than the alleged April 26, 2006 denial of promotion. Plaintiff's EEOC charge would not have prompted an investigation of incidents at other colleges and times, and would not have provided Defendants with reasonable notice of such claims. *See Green v. Los Angeles County Superintendent of Sch.*, 883 F.2d 1472, 1476 (9th Cir. 1989) ("In determining whether an allegation under Title VII is like or reasonably related to allegations contained in a previous EEOC charge, the court inquires whether the original EEOC investigation would have encompassed the additional charges."); *Maui Police*, 276 F.3d at 1099 ("The administrative charge requirement serves the important purposes of giving the charged party notice of the claim and narrow[ing] the issues for prompt adjudication and decision."). The Court will grant Defendants' motion with respect to Count I.

---

[1] The 1998 or 1999 act of discrimination is also time-barred, as the charge was filed on July 21, 2006. *See Fonseca v. Sysco Food Services of Arizona, Inc.*, 374 F.3d 840, 845 (9th Cir. 2004) (holding that a plaintiff's "Title VII claim . . . is time-barred because he did not file a complaint with the EEOC within 300 days of [the employer's] discriminatory act.").

### B.     Count II – Retaliation.

Title VII "prohibits retaliation against an employee 'because he has opposed any practice made an unlawful employment practice'" by Title VII. *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1082 (9th Cir. 1996) (quoting 42 U.S.C. § 2000e-3(a)). Defendants argue that Plaintiff did not exhaust his retaliation claim because Plaintiff neither checked the "retaliation" box nor discussed retaliation in his charge. Dkt. #14 at 6.   The Court agrees.

The charge not only contains no mark in the retaliation box, but it also fails to state that Plaintiff previously complained about discrimination.  The charge states that Plaintiff was "discriminated against because of my race, black, and because I was regarded as being disabled." It contains no suggestion that Plaintiff was treated adversely because he engaged in protected activity.  Dkt. #14-2 at 2.  The charge would not have informed the employer that Plaintiff was proceeding on a theory of retaliation, nor would it have prompted a retaliation investigation by the EEOC.  *See Ong v. Cleland*, 642 F.2d 316, 319 (9th Cir. 1981) ("The charge must at least describe the facts and legal theory with sufficient clarity to notify the agency that employment discrimination is claimed."); *Zenaty-Paulson v. McLane/Sunwest, Inc.*, CV-99-0472-PHX-RCB, 2000 WL 33300666, at *11 (D. Ariz. Mar. 20, 2000) ("If the claim before the EEOC depended on the same facts as that alleged before the court, and only the theory for relief has changed, the Ninth Circuit has held that the claim under the new theory is not exhausted. . . . [F]acts and theory must collide for a claim to be exhausted.").

Plaintiff's retaliation claim was not exhausted. *See Zhang v. Honeywell Intern. Inc.*, CV-06-1181-PHX-MHM, 2007 WL 2220490, at *3 (D. Ariz. Aug. 1, 2007) (holding that a retaliation claim was not exhausted where "[r]etaliation is not mentioned in the EEOC Charge, nor is the retaliation box checked," noting also that "the EEOC Intake Questionnaire lack[ed] any discussion of retaliation[.]"); *Moore v. Argenbright Sec.*, CV-00-2048-PHX-ROS, 2001 WL 687484, at *5 (D. Ariz. June 7, 2001) ("The Court . . . finds that the EEOC's investigation of Plaintiff's discrimination claim would not have encompassed an investigation of Plaintiff's retaliation claim, particularly because Plaintiff did not allege any

1  facts in the EEOC Charge to suggest that there had been retaliation, and she only selected the
2  box labeled 'sex' and not the box labeled 'retaliation' on the Charge."); *Zenaty-Paulson*,
3  2000 WL 33300666, at *10 (declining to exercise subject matter jurisdiction over retaliation
4  claim where "[p]laintiff did not check the 'Retaliation' box on the form she filed with the
5  EEOC and she did not use the word 'retaliation' in her narrative description."); *see also*
6  *Oshilaja v. Watterson*, CV-05-3429-PHX-RCB, 2007 WL 2903029, at *6 (D. Ariz. Sept. 30,
7  2007) (finding that "age is the sole basis for plaintiffs' discrimination claims" where
8  plaintiffs checked only the box for "age" and the charge forms did not "even hint at the
9  possibility that they were discriminated against on any basis other than age.").

10  Plaintiff argues that, under *Maui Police* and *E.E.O.C. v. Farmer Bros. Co.*, 31 F.3d
11  891(9th Cir. 1994), the Court may entertain the retaliation claim despite the fact that it was
12  not mentioned in the administrative charge. Dkt. #15. Plaintiff's reliance on these two cases
13  is misplaced. In *Maui Beach*, the Ninth Circuit reversed the district court's dismissal of a
14  plaintiff's federal and state statutory sexual harassment claims, relying on "information in
15  the pre-complaint questionnaire, the fact that Plaintiff checked boxes indicating a charge of
16  sexual harassment, and the declaration of [a state civil rights commission employee that the
17  right to sue notice was intended to enable plaintiff to file suit based on sexual harassment.]"
18  276 F.3d at 1103. In this case, no comparable information has been presented to the Court.
19  The plaintiff in *Farmer Bros.* advanced the argument that the employer "planned to lay off
20  the same number of women and men, not rehire anyone during the nine-month period in
21  which the 'temporarily laid-off' employees retained recall rights, and then hire only men to
22  fill the positions originally held by an equal number of men and women[.]" 31 F.3d at 899.
23  The plaintiff's administrative charge alleged claims of "discriminatory failure to recall and
24  rehire," although her suit in federal court contained a claim of "discriminatory layoff." *Id*.
25  The Ninth Circuit held that the discriminatory layoff claim was exhausted, reasoning that
26  "[b]ecause the layoff was an integral part of [the employer's] discriminatory scheme, it was
27  reasonably related to [the plaintiff's] charge of discriminatory failure to recall or to rehire."
28

1  *Id*.  Here, it cannot be said that a retaliation claim necessarily follows from the allegations
2  in Plaintiff's charge.
3       The Court will grant Defendants' motion to dismiss Count II.
4       **C.     Count III – Equal Pay Act.**
5       "The [EPA] prohibits an employer . . . from discriminating on the basis of sex in the
6  payment of wages." *Probe v. State Teachers' Ret. Sys.*, 780 F.2d 776, 783 (9th Cir. 1986)
7  (citation omitted), *cert. denied*, 476 U.S. 1170 (1986).  Specifically, under the EPA, an
8  employer shall not "pay[] wages to employees of the opposite sex . . . for equal work on jobs
9  the performance of which requires equal skill, effort, and responsibility, and which are
10 performed under similar working conditions[.]" 29 U.S.C. § 206(d)(1).  Defendants argue
11 that dismissal of Plaintiff's EPA cause of action is appropriate because "Plaintiff has failed
12 to allege that any female employee of the District was earning more money for work
13 substantially equal to what he was performing." Dkt. #14 at 3.  The Court agrees.
14      The EPA claim "reallege[s]" previous paragraphs of the complaint and states that
15 Plaintiff may recover costs, expenses, and attorney's fees pursuant to the penalties provision
16 of the EPA.  Dkt. #1 ¶¶ 61-62.  Some of the preceding paragraphs could be liberally
17 construed to allege gender-based employment actions or conditions.  In particular, Plaintiff
18 notes that "[s]everal mail [sic] and female Caucasian employees with less seniority and less
19 experience than Plaintiff was [sic] promoted over him," *id*. ¶ 37(H),  a female with "less
20 experience" and a degree in a "non-related" field was selected for a managerial position for
21 which Plaintiff applied, *id*. ¶ 38(g), and "Plaintiff is  the only African-American to work" in
22 his department "other than a temporary [one-year only employee] whi [sic] was female," i*d*.
23 ¶ 42.
24      These statements concern females that were either promoted or employed on a
25 temporary basis.  Plaintiff does not allege that a discrepancy in wages existed between him
26 and females performing jobs of "equal responsibility" and "under similar working
27 conditions[.]" 29 U.S.C. § 206(d)(1).  The Court therefore will grant Defendants' motion to
28 dismiss Count III of Plaintiff's complaint.

### D.   Leave to Amend.

Rule 15(a) of the Federal Rules declares that leave to amend a complaint "shall be freely given when justice so requires." The Ninth Circuit has noted that "Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (citation omitted). A court may deny a motion to amend, however, when an amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). A court may also deny "a motion to amend where the movant presents no new facts . . . and provides no satisfactory explanation for his failure to fully develop his contentions originally." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995), *cert. denied*, 516 U.S. 1051 (1996).

Plaintiff's amendments to Counts I and II would be futile, as those amendments cannot alter the fact that the claims were not exhausted. With respect to Count III, Plaintiff offers no new facts in support of amendment and no explanation as to why he could not have adequately prepared his original complaint. The Court therefore will deny Plaintiff's request for leave to amend his complaint.

### III.   Motions for Hearing.

Plaintiff has filed three separate motions for a hearing on Defendants' motion to dismiss. Plaintiff's requests for a hearing are denied because the parties' memoranda have thoroughly discussed the law and facts and a hearing will not aid the Court's decision. *See Mahon v. Credit Bureau of Placer County Inc.*, 171 F.3d 1197, 1200-01 (9th. Cir. 1999).

**IT IS ORDERED:**

1. Defendants' partial motion to dismiss (Dkt. #14) is **granted**.
2. Plaintiff's motions for a hearing on the motion to dismiss (Dkt. ## 18, 20, 25) are **denied**.

DATED this 28th day of November, 2007.

*/s/ David G. Campbell*
David G. Campbell
United States District Judge