**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dwayne E. McIntosh, a single man, | No. CV-07-0760-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Maricopa Community College District, et al., | |
| Defendant. | |

Defendants have filed a motion for reconsideration, asking the Court to reconsider its denial of summary judgment on Plaintiff's race discrimination claims. Dkt. #68. At the Court's request, Plaintiff has filed a response. Dkt. #71. For the reasons that follow, the Court will grant Defendants' motion for reconsideration and grant summary judgment on the race discrimination claims.

**I.     Background.**

Plaintiff is an African-American man who has been employed with the Maricopa Community College District since 1996. Plaintiff originally worked as a program advisor in the Disability Resources and Services (DRS) office at Mesa Community College (MCC). In 2001, Plaintiff became a Student Services Enrollment Specialist at the Red Mountain Campus of MCC, where he is currently employed.

1    In February of 2006, MCC posted a job opening for Manager of the DRS office. Dkt. #47-4 at 3.  The job posting listed three minimum qualifications: (1) experience in supervision and management of an office serving students with disabilities, (2) knowledge of federal laws on access and accommodation for persons with disabilities, and (3) experience in academic advisement. *Id.*  Plaintiff applied for the position, but was not granted an interview.  Defendants maintain that Plaintiff was denied an interview because he was not qualified for the position.  Plaintiff contends that he was qualified and was denied an interview because of his race.

In an order dated February 12, 2009, the Court denied Defendants' motion for summary judgment on the basis of the Nina Robinson affidavit.  On March 12, 2009, the Court granted the parties' joint motion to re-open discovery for the limited purpose of taking Ms. Robinson's deposition.  Dkt. #64.   Defendants seek reconsideration on the basis of information obtained in the deposition.

**II.    Motion for reconsideration analysis.**

Courts in this district have identified four circumstances where a motion for reconsideration will be granted:  (1) the moving party has discovered material differences in fact or law from those presented to the Court at the time of its initial decision, and the party could not previously have known of the factual or legal differences through the exercise of reasonable diligence, (2) material factual events have occurred since the Court's initial decision, (3) there has been a material change in the law since the Court's initial decision, or (4) the moving party makes a convincing showing that the Court failed to consider material facts that were presented to the Court at the time of its initial decision. *See, e.g.*, *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003). Defendants argue that they satisfy the first basis for reconsideration – newly discovered evidence that could not reasonably have been discovered before.

Nina Robinson's testimony in the April 2009 deposition significantly undermines her affidavit submitted in response to the motion for summary judgment.  Defendants note that they interviewed Ms. Robinson in April of 2008, but assert she never alleged there was a

- 2 -

1  secret meeting to deny Plaintiff an interview, nor did she allege that Plaintiff's race had
2  anything to do with the DRS Manager selection process. *Id.* at 6. Defendants contend that
3  they could not have discovered these factual differences earlier because they could not have
4  anticipated that Ms. Robinson would change her testimony and provide Plaintiff with an
5  affidavit.

6  Plaintiff does not dispute these assertions. He instead argues that because the April
7  2008 interview occurred, Defendants had the ability to file their motion for reconsideration
8  within 10 days of the Court's prior ruling and their failure to do so violates Local Rule
9  7.2(g). The new information on which the motion for reconsideration is based, however, was
10 established at the April 2009 deposition. Defendants were provided a final draft of the
11 deposition transcript on April 13, 2009, and filed the motion for reconsideration four days
12 later. Defendants have demonstrated both that reconsideration of the February 12, 2009
13 order is justified and that there was good cause to file the motion for reconsideration more
14 than 10 days after the Court's order denying summary judgment.

15 **III.    Motion for summary judgment.**

16 The Court's February 12, 2009 noted that Defendants' motion presented a close
17 question, but ultimately found that the Robinson affidavit raised a factual question regarding
18 pretext:

19 > Although this is a close question, the Court concludes that the Robinson affidavit is sufficient to create a triable issue of fact. . . . The affidavit asserts
20 > that she has knowledge of a secret meeting held to exclude Plaintiff from the hiring process on the basis of his race, and that she has knowledge that the
21 > hiring process was racially motivated to discriminate against Plaintiff. Although the basis for this knowledge is not specified and the affidavit
22 > generally lacks factual detail, the Court concludes that an affidavit asserting knowledge of such racial discrimination, by a person who is a long-time
23 > employee and manager at MCC and a member of the hiring committee, creates a question of fact that must be resolved by the jury. Defendants contend that
24 > Robinson was eventually removed from the hiring committee and therefore cannot have personal knowledge of her statements. But Defendants have
25 > failed to establish that she was removed from the hiring committee before she had a chance to evaluate Plaintiff's qualifications and acquire the information
26 > asserted in her affidavit.

27 Dkt. #56 at 6 (citation omitted).

28

1   In her deposition, Ms. Robinson testified about the meeting allegedly held to exclude
2   Plaintiff from the interview process.  She was told the meeting would consider whether to
3   grant Plaintiff an interview, and she concluded that Ms. Taussig was trying to find a reason
4   not to interview Plaintiff because Ms. Taussig had said in the past that she didn't want
5   Plaintiff to work on her campus.  Dkt. #71 at 29-30.  Ms. Robinson testified that she had a
6   "gut feeling" that the meeting was secretive because the committee members arriving for the
7   meeting appeared awkward when they saw her.  *Id.* at 32.  With respect to her affidavit
8   statement that the hiring process was racially motivated, Ms. Robinson testified that this
9   assertion was based on her belief that Ms. Taussig did not care for black males; it was not
10  based on any racially discriminatory statements made by Ms. Taussig.  *Id.* at 34-35.  Finally,
11  Ms. Robinson clarified that she asked to be removed from the hiring committee and never
12  attended a meeting concerning the DRS Manager position.  *Id.* at 40.

13  "When the plaintiff offers direct evidence of discriminatory motive, a triable issue as
14  to the actual motivation of the employer is created even if the evidence is not substantial."
15  *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1221 (9th Cir. 1998).  To establish pretext the
16  plaintiff may also offer "circumstantial evidence that tends to show that the employer's
17  proffered motives were not the actual motives because they are inconsistent or otherwise not
18  believable."  *Id.* at 1222.  Such indirect evidence of pretext, however, "must be both
19  'specific' and 'substantial' in order to create a triable issue with respect to whether the
20  employer intended to discriminate."  *Id.* (citations omitted).

21  In the February 12, 2009 order, the Court found that there was a triable issue of fact
22  on the basis of Robinson's statements that there was a secret meeting held to find a way not
23  to offer Plaintiff an interview and that Robinson had knowledge that the hiring process was
24  racially motivated to discriminate against Plaintiff.  Dkt. #56.  The Court viewed this as
25  direct evidence of a discriminatory motive that need not be substantial under *Godwin*.  Ms.
26  Robinson's deposition makes clear, however, that her affidavit assertions were made on the
27  basis of a "gut feeling," and that she had no personal knowledge of what occurred in the
28  hiring committee meetings.  This does not constitute direct evidence of a discriminatory

motive, and the circumstantial evidence provided by Ms. Robinson is neither specific nor substantial.

Plaintiff contends that he was the best candidate for the DRS Manager position. This contention is also based on the affidavit of Ms. Robinson. Dkt. #50 ¶ 8. As clarified in the deposition testimony, however, Ms. Robinson never attended a meeting of the hiring committee where Plaintiff's qualifications were addressed, never saw any of the applications or resumes, and knew only three of the 30 applicants who applied. Dkt. #71 at 40, 42.

Plaintiff asserts that the application of the successful applicant, Wink Harner, did not specifically state that she had supervisory skills. Dkt. #49 at 3. This is not correct. Ms. Harner's application stated that she was the Manager of Disability Resources at South Mountain Community College (the same position for which she was applying at MCC) and that she hired and trained staff and managed a budget. Dkt. #50, Ex. 5.

The circumstantial evidence provided by Plaintiff is not sufficiently specific and substantial to create a triable issue of fact on the issue of pretext. The Court will therefore grant Defendants' motion for summary judgment.

**IT IS ORDERED:**

1. Defendants' motion for reconsideration (Dkt. #68) is **granted**.
2. Defendants' motion for summary judgment (Dkt. #47) is **granted**.
3. The clerk is directed to terminate this action.

DATED this 8th day of May, 2009.

_David G. Campbell_
David G. Campbell
United States District Judge