**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dwayne E. McIntosh, a single man, ) | No. CV-07-0760-PHX-DGC |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Maricopa Community College District, et al., ) | |
| Defendant. ) | |

Defendants have filed a motion for attorneys' fees and costs. Dkt. ## 76, 85. Plaintiff has responded and Defendants have replied. Dkt. ## 88, 89. The Court will deny the motion.

Defendants seek to recover attorneys' fees from Plaintiff under 42 U.S.C. § 2000e-5(k) and 42 U.S.C. § 1988. Defendants agree that both statutes are governed by the same standard. Dkt. #85 at 8-9 (citing *Hughes v. Rowe*, 449 U.S. 5, 14 (1980)). The Ninth Circuit has held that fees may be awarded to a defendant under 42 U.S.C. § 2000e-5(k) only in "exceptional cases." *Mitchell v. Office of the Los Angeles County Superintendent of Schools*, 805 F.2d 844, 848 (9th Cir. 1986). Fees are appropriate only when a plaintiff's case has "'*no* legal or factual basis.'" *Id.* at 847 (quoting *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 420 (1978)) (emphasis in original). A district court has discretion to award attorneys' fees where the plaintiff's action was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co.*, 434 U.S. at 421.

"[A] district court must resist the 'understandable temptation to engage in *post hoc* reasoning' once a plaintiff has unsuccessfully pursued a claim." *Id*. (quoting *Christianburg Garment Co.*, 434 U.S. at 421-22).

Defendants seek $111,284.16 in attorneys' fees and costs. Dkt. #85 at 2. In the alternative, Defendants seek $26,573.28 incurred after the Court entered its initial order denying Defendants' motion for summary judgment. *Id.* Defendants argue that Plaintiff's retaliation claims were frivolous because they were dismissed for failure to exhaust administrative remedies and failure to plead facts in support of his claims. *Id.* at 3, 6. Defendants also contend that Plaintiff's race discrimination claims were frivolous because Plaintiff rejected Defendants' settlement offer of $6,000 and the claims eventually were dismissed on Defendants' motion for summary judgment. *Id.* at 8.

This is not an exceptional case. The Court does not find that Plaintiff's claims were frivolous, meritless, or vexatious. *See Christiansburg Garment Co.*, 434 U.S. at 421. Nor does the Court find that Plaintiff's claims had no legal or factual basis. *See Mitchell*, 805 F.2d at 848. Plaintiff established a prima facie case of race discrimination. In addition, routinely awarding attorney's fees to a prevailing defendant would defeat the goal of zealous enforcement of Title VII, discourage suits in all but the clearest cases, and inhibit advocacy on undecided issues." *Kutska v. Cal. State College*, 564 F.2d 108, 110 (3d Cir. 1977).[1]

**IT IS ORDERED** that Defendants' motion for attorneys' fees (Dkt. #76) is **denied**.

DATED this 3rd day of September, 2009.

_____
David G. Campbell
United States District Judge

---

[1]Defendants also assert that Plaintiff's attorney should be held jointly responsible for attorneys' fees and costs pursuant to 28 U.S.C. § 1927. Dkt. #85 at 9. The Court need not address this issue as Defendants' motion is being denied.